Good morning. May it please the Court, my name is Craig Elkins on behalf of the appellant Deborah Brodie. In this case is not about the default of Ms. Brodie on her mortgage. This case is about Ms. Brodie's right and every other borrower's right in the state of Washington to challenge the documentation used to foreclose on their homes. In this case is also about whether the defendants strictly followed the requirements of the Deed of Trust Act. In his order on December 12th of 2012, Judge Rice determined that as a borrower, Ms. Brodie did not have standing to challenge the allegedly false or fraudulent assignment of Deed of Trust or appointment of successor trustee documents and dismissed the balance of her claims out of hand without any further consideration of their merit. Based on that order, the primary issue on this appeal is the borrower's standing to challenge the documents used to foreclose and the doctrine of standing requires that a plaintiff must have a personal stake in the outcome of the case in order to bring suit. The Supreme Court described this requirement as one seeking relief must show a clear or legal equitable right and a well-grounded fear of immediate invasion of that right and it's similar in the federal courts. To fulfill that personal stake requirement, the plaintiff must establish injury causation and regressibility. Injury is defined as an invasion of a legally protected interest which is concrete and particular. Can I stop you before you go further on your standing analysis? Can you just tell me crisply what specific claims have you actually appealed the dismissal of? We've appealed the claims for wrongful foreclosure, for Consumer Protection Act, for negligence and based primarily on the fact that those documents used to foreclose were at least allegedly created by people that did not understand what the contents of those documents were, may not have signed them themselves and were executed by entities or individuals without authority to sign them. Is this case in our court, in federal court, because of Okay, that's not what either of your jurisdictional statements said in your briefs. Both of you said it was here because of federal questions. You had brought federal claims, that's why I was curious. You haven't appealed the dismissal of those claims, right? No, we haven't appealed those claims. So I don't even understand why. This is just purely a state law issue now, right? It is purely a state law issue now. But your assertion is that there is complete diversity, that's why it should remain in federal court? Well, I'm not even saying that it should remain in federal court. I mean, I think that this case would be better served back in state court, to be honest with you. You brought the case in state court, if I remember. I brought it in state court and it was removed to federal court. And we determined that at the time of removal, we determined the jurisdiction, correct? Right, right. Jurisdiction in federal court at that moment. Right, but if there's no longer a federal claim in the case and federal question was the basis for removal. I mean, the district court certainly has discretion to retain the state law claims, but I'm not sure why in this case it makes sense, given that I assume you're going to tell us that there's some unsettled questions of Washington state law that have to be resolved, right? Well, there's definitely unresolved Washington claims, you know, based on violation of the deed of trust act. And the fact that the documents used to foreclose were not properly prepared. And the notice of trustee sale was based on a defective beneficiary declaration that was prepared by a power of attorney, not the actual beneficiary as required by the statute. And so that notice of trustee sale should actually never have been issued. So just to simplify things, the entree to your claims, as I understand it, is really the transfer. And that's where the court said there's no standing for Ms. Brody. Right, we were... You know, the transfer is the transaction that kicks everything off. And so if the transfer, if she can't challenge that, then the other claims kind of fall away, right? Right. She needs to be able to... She needs to be allowed to challenge the documentation that is put in place to foreclose on her home. And every other borrower needs to do that too. If there is some question that that documentation is not proper, then the borrower really needs the opportunity to be able to challenge the foreclosure. For example, does she have any standing? She's not actually a party to that. Does she have any standing to void that transaction, in your view? And if so, what would be the legal basis? Well, absolutely. I mean, based on Schroeder, based on Walker, Bavand, I think that whole line of cases stands for the fact that if the documentation used to process a foreclosure is void because either it was made by somebody that was not a proper party or did not have knowledge of the contents of the document or may not... Can you be specific about what was the defect here in the documents? What are you saying went wrong? Well, as far as the assignment of deed of trust, the defect was that Chase, who did the assignment, was not the beneficiary and was not in a position, was not in a position to prepare an assignment of deed of trust. And so that in and of itself makes the assignment void. And according to, I think it was Walker, every other document after that is also invalid and the sale is void. So if you start out with one bad document, like the assignment of deed of trust, then everything else that follows is also defective and the sale cannot go forward. It's important to understand, too, that the Deed of Trust Act has certain requisites that must be followed before a sale can be made. And there's eight items in that statute and every single one of them must be strictly complied with. And if they're not, then there cannot be a sale. And if there is a sale under Schroeder, it's vacated. So in this case, one of the primary documents that is questionable besides the assignment is the beneficiary declaration. Because a beneficiary, obviously, has to make out a declaration under penalty of perjury that they are the holder of the note. And until Trujillo the other day, also the owner. I'm looking at that thing right now and I guess it does seem kind of strange that the trustee itself can sign on behalf of the holder of the note. So is there some authority? No. Actually, the power of attorney, Chase signed the beneficiary for U.S. Bank as power of attorney. Well, I can tell you that at the time of that declaration on January 12th, I think, 2012, there was no indication, and Northwest Trustee Service had absolutely no information that Chase was an authorized agent or power of attorney, I should say, for U.S. Bank. Is there some requirement of Washington law that they produce documentation to show that Chase is a duly appointed, I guess, they sign as attorney, in fact, for U.S. Bank? Well, the requirement comes from the case law that has come forward that the trustee has a duty of good faith to the beneficiary and the trustee is to make sure that that beneficiary declaration is, in fact, true and verifiable. And especially, I mean, maybe not so much if the actual beneficiary signed it, but when you have a case like this where the power of attorney, another entity, signed it for the beneficiary, how do you know that the beneficiary really is the holder? Are you also alleging that this Rebecca Dietrich really wasn't an employee of Chase? Yes, we are alleging that. What facts do you have to make that a plausible allegation? Well, we have numbers of different signatures of hers that are different and signing for other entities, but also the... I lost my train of thought. Okay. No, no. I mean, as I understand it, you have a robo-signing aspect of your case. Right. And I just wondered, does it extend to this particular signature? It does. It does. But like I said, to me, that is an aside. To me, the important thing is that the beneficiary did not execute that declaration, and I think that's fatal. All right. I think I'll reserve the rest of my time. No, you actually have gone a minute over your time. Oh, okay. If you can reserve negative, then I give it to you. Thank you very much. Good morning, Your Honors. May it please the Court. My name is Fred Burnside. With me here is Hugh McCullough, representing Chase and U.S. Bank. And I'd like to reserve three minutes for my colleague, Josh Scherer, who's representing the trustee. You're representing Chase and U.S. Bank? Correct. That's right, Your Honor. So is Rebecca Dietrich really a vice president of Chase? I've spoken to Ms. Dietrich. Yes, she is. But the fact of the matter is, though, that regarding – and I had a long outline of things I want to talk about, but I want to address some of these issues first. The words beneficiary declaration don't appear anywhere in his complaint. They didn't appear anywhere in his briefing. He's never raised that issue prior to this appeal. It is not on the table. We could have briefed it. We didn't. More importantly, the Trujillo case we talked about addresses some of that, and it says that the trustee is entitled to rely on that declaration. But more importantly, I want to give – Yeah, I agree, and that's – we read that case. But here it's the trustee who's signing the declaration. I don't want to confuse two terminologies. There's the trustee of the deed of trust, and there's the trustee of the securitized trust, which owns and holds the loan. Right. And so the – Let's just talk about U.S. Bank as the holder of the note. That's easier, right? Yes, exactly right. Chase as the trustee who's going to – No. Chase is not the trustee. The person who's going to appoint the successor trustee? No. Chase acted as attorney-in-facts pursuant to limited power of attorney, which was never challenged below. He attached the documents, which reflect that. Because if you read the pooling and servicing agreement, which he's put in excerpts of under this trust, U.S. Bank acts as trustee and says, servicer, you're going to handle all the foreclosure, you're going to do all those things, and they get a power of attorney that says you can act in our stead because they don't have the capacity or the people to service loans. And so Chase does that. And so Chase, acting pursuant to that limited power of attorney, executes the beneficiary declaration to – and provides that to the trustee of the deed of trust. And what's important to know is there's no dispute that U.S. Bank was the holder of the note. I mean, it's right here, and they've got it, and they always had it. And that's what really kills their claims. Plaintiff's counsel really focuses on these documents used to foreclose. I want to disabuse the court of one notion, which is an assignment is not necessary to foreclose. An assignment is utterly irrelevant to the right to foreclose. The right to foreclose is tied to who holds the note. Beneficiary is defined as the holder of the note. Plaintiff actually attached exhibits to his complaint showing U.S. Bank held the note. So let me ask you this. There seems to be some split in courts about this assignment on the note. So if you hold the note, you have a right to foreclose the note. But there may be potential claims related to the assignment of the note. And the district court says, well, there's really no standing to bring that up. The cases seem to divide in a couple ways. One is, well, no standing because you're not really a beneficiary of the assignment. You meaning the mortgage person. So let me finish. But there's this recent First Circuit case that says, well, you have standing, but only if what you're challenging, not only if it relates to something being void versus voidable. So I would appreciate your comments on that distinction. Absolutely, Your Honor. And, for example, in the Walker case that the counsel mentioned, in that instance, if the argument is the entity that's foreclosing only has a right to foreclose based on an assignment, then yes. I think you could argue, absolutely, then you need to show that that assignment is valid. Whereas here, you've got the lender that is foreclosing not based on the assignment, but because it actually holds the note. That argument is irrelevant. And in the First Circuit, the Culhane case, I believe is what Your Honor is referring to, there the court went to great pains to point out in Massachusetts, unlike Washington, under Massachusetts law you must both be the note holder and also the mortgagee of record. You have to actually have a document in the record that shows you are the current mortgagee. They travel on separate paths. Washington does not have that requirement. Under Washington law, it's sufficient to have the note alone. To be the note holder. To be the note holder. Exactly right. And that's what this issue came up in the Myers v. Merz case, which I argued before Your Honor last August, and more recently in the J.P. Morgan Chase v. Sternberger case where the Washington Court of Appeals. But in any event, even if you could challenge the transfer, it would be voidable, not void, in which case at least the First Circuit said even in that circumstance you wouldn't have. Right. The standing. That's exactly right. And that bears on the other issue, which he didn't really raise the assignment issue so much below. And his argument on the appointment is this. His argument is the appointment is flawed because you're relying on the assignment. And if you're relying on the assignment, you don't have the right to appoint. But in his complaint, he attaches a document showing that U.S. banks the note holder. Since the U.S. banks the note holder, it has the right to appoint regardless of any assignment. And the securitization theory, which he focused on below, I want to address briefly kind of by analogy. The argument that somehow there's this flaw in the securitization process that we can somehow challenge makes no sense. And I'll give you an example, an analogy as to why. Let's imagine Judge Drostian and I have an agreement. She's going to mail me a $100 bill. She puts it in an envelope and sends it to me, and I get it. And instead of being addressed to Fred Bernstein, it says Fred Bernstein. I open it up, and I have the $100. His argument is because my name is spelled wrong, I don't have the $100. But I do. It doesn't matter what the PSA says. What matters is who holds the note. Because U.S. bank holds the note, it has the right to foreclose, full stop. Nothing else really matters. And the argument about- I mean, even if we assume the assignment was flawed. Exactly right. You're saying it doesn't make any difference? It makes no difference. And really, you might wonder, well, why do they do the assignments, right? And the real answer to that is it's for purposes- it's much easier to get title insurance if you're actually going to buy property. And the lender wants to- you remember from real property days that the class is the bundle of sticks concept. Even though you have the note and have the right to foreclose, someone wants to buy that property to sale, they want to get title insurance. And title insurance is going to say, who is this other person in the record that seems to still have some recorded interest? And so what happens is U.S. bank says, hey, Chase, you're the successor in interest from the FDIC for WAMU. We want you to-we've got the note. Execute an assignment. There's no ambiguity in the record, much like in the Culhane case. No ambiguity in the record that, in fact, we have the bundle of sticks. We have everything. That is why they have assignments. We've had lots of cases that say assignments are utterly irrelevant to the right to foreclose. How about-can you give us some of those cases that say an assignment is absolutely irrelevant? Yeah, I can. And I can even-I'll direct you to the pages in our brief where they talk about that. Give me one second. The assignment, it is- Just give us the pages so you don't have to read the whole summary. I'm trying to remember the exact spot in here, and I don't-flipping through here, I don't want to waste my- Don't. Don't. Go ahead. Can I just clarify what-if the- If she doesn't have standing to challenge the assignment- Right. Then what matter does it-whether the assignment might make a-whether she has a claim? I mean, that might be an alternate ground. But what does it matter in this case if there's no standing? If there's no standing to challenge the assignment, really what it boils down to and what she can challenge is this. If she thinks the wrong person is foreclosing, she should say, under Rule 11, I don't owe you the money. She doesn't allege that either. Well, that's where you would say you're not the note holder. Correct. We've had cases like that where, you know, we have the notes showing up here in the Court of Appeals, which is a little odd. But if-that's her claim. But I'm just saying if she doesn't have standing on the assignment, then underlying claim deficiencies in the assignment are irrelevant. Right. That's exactly right. To the appeal. And before I go, I want to just-and I know I'm shorting Josh's time here. On the jurisdictional issue, I would say that I think there is also diversity jurisdiction insofar as the trustee is a nominal defendant. There's no claims that the trustee did anything wrong. The case on diversity. No. No, that's right. I'm just trying to assuage any concerns Your Honor might have. I don't want to eat any more time other than to say the FRAP 28J letter, the McPherson case, Judge Rustin, talks about the lack of the need for an assignment. Okay. Thank you very much. Good morning. May it please the Court. My name is Joshua Scherer. My firm represents Northwest Trustee Services, the successor trustee under the deed of trust. Your Honors, in this case, Ms. Brody not only lacks specific facts suggesting liability against Northwest Trustee, but to the extent that she impugned any documents relating to Northwest Trustee, she agreed in the deed of trust that the beneficiary could appoint a trustee to carry out its duties under state law. And as the Court noted below, she lacks standing to challenge the appointment of the trustee in the first place. Chief Judge Peckman of the Western District stated in Mickelson versus Chase, which was recently before this Court, that a trustee does not have a duty to conduct a secondary investigation into the papers filed by a beneficiary. It's too great a demand. That view of good faith Judge Peckman held, and we agree with her reasoning, is untenable for a trustee to conduct an independent verification of documents that it receives. That reasoning, Your Honors, is in accord with the Eighth Circuit, which held in the case of Hallquist versus United Home Loans last year, that quote, in the absence of unusual circumstances known to the trustee, he may upon receiving a request for foreclosure from the creditor, proceed upon that advice without making any affirmative investigation and without giving special notice to the debtor. End quote. We ask in this case, Your Honors, that the Court find that Northwest Trustee was entitled to rely on its appointment by U.S. Bank through Chase, its attorney in fact. It was entitled to rely on the beneficiary declaration, which as Mr. Burnside mentioned, was never raised below. It's not in the complaint. It's not in the opening brief. And that Northwest Trustee should not be liable to Miss Brody simply because it followed its duties under the Washington Deed of Trust Act. It did what it was required to do. It followed the steps. And that process only came about in the first place because Miss Brody defaulted on her loan. We ask you to affirm the Court below. If the Court has any questions at this time? No. I see my time has expired. Thank you, Your Honors. I would like to give you some rebuttal time. I'll give you a minute, please. Thank you, Your Honor. Well, I'm glad Mr. Burnside brought up the fact that U.S. Bank was the holder of the note at the time they made the appointment because in his appellee brief on page 8, he states that U.S. Bank was an agent. Well, there's no indication in this case that Chase was ever an agent of U.S. Bank. And if U.S. Bank was letting somebody else hold the note for them, then obviously they weren't the note holder at the time they made the appointment of Northwest Trustee Service. So that kind of defeats the fact that, you know, they claim that there's no problem with the appointment and the assignment was unnecessary. Because if, let's just say that Chase may have been holding the note for some reason, had possession of it, okay, then they assigned the deed of trust to U.S. Bank. But guess what? U.S.  They just had the deed of trust. So any appointment by them of Northwest Trustee Service would be invalid. So I think that the important thing here is that you have to look at who's doing what. And, again, I just really strongly need to reiterate, we did talk about the beneficiary declaration in our briefing. And I just need to point out that the language of the statute speaks for itself. A beneficiary declaration needs to be prepared, executed, and verified by the beneficiary, not some power of attorney that may not ask any question. They get the document sent to them, sign it as power of attorney, and send it on. Thank you. The case just argued of Brody v. Northwest Trustee is submitted. Thank all of the council this morning for coming and for your argument.
judges: Rothstein, McKEOWN, WATFORD